# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JASON M. JONES,

    Plaintiff,

v.

CHIEF OF POLICE, et al.,

    Defendants.

Case No.: 3:19-cv-00650-MMD-WGC

**Order**

    Plaintiff is a pretrial detainee in the Washoe County Detention Center. He initiated this action by filing an application for leave to proceed in forma pauperis (ECF No. 1) on October 25, 2019, and subsequently filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on November 8, 2019. (ECF No. 5.) The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When an inmate seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

    When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account

or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

On December 13, 2019, the court issued an order directing the Clerk to **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate and gave him **30 days** from the date of the order to either file his completed financial certificate or pay the full $400 filing fee. The court advised him that once he filed his completed financial certificate or paid the filing fee, the court would screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both, which require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. He was further advised that if a complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time. Plaintiff was instructed that when his complaint is screened, the court would address the other motions filed by Plaintiff (ECF Nos. 6, 7, and 8).

///
///
///
///

2

The court cautioned Plaintiff that if he failed to timely file a completed financial certificate or pay the filing fee, his action would be dismissed.

As of the date of this Order Plaintiff has not filed the required financial certificate or paid the $400 filing fee; therefore, this action will be **DISMISSED WITHOUT PREJUDICE** with the outstanding motions **DENIED AS MOOT** and the case should be administratively closed.

**IT IS SO ORDERED**.

Dated: January 31, 2020.

_____
William G. Cobb
United States Magistrate Judge