UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON MARCUS JONES,<br><br>        Plaintiff,<br>  v.<br>CHIEF OF POLICE, *et al.*,<br><br>        Defendants. | Case No. 3:19-cv-00650-MMD-WGC<br><br>ORDER |

  Plaintiff Jason Marcus Jones, who is a pretrial detainee at the Washoe County Detention Facility ("WCDF"), brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 25), recommending that the Court: (1) grant Plaintiff's *in forma pauperis* ("IFP") application; (2) dismiss his Complaint with leave to amend, primarily because he did not include many factual allegations in his Complaint, nor connect those allegations to particular defendants; (3) deny his emergency motion for a temporary restraining order ("TRO Motion") as insufficiently connected to the threadbare allegations in his Complaint; and (4) grant his motion for a copy of his legal documents. Plaintiff had until July 24, 2020 to file an objection. (*Id.*) To date, he has not filed an objection. For this reason, and as explained below, the Court adopts the R&R, and will take each of the actions Judge Cobb recommends.

  This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* But where a party fails to object to a

magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only if*, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

While Plaintiff has failed to object to Judge Cobb's recommendations the Court will nonetheless conduct a *de novo* review to determine whether to adopt the R&R. Judge Cobb first found Plaintiff's IFP application should be granted. (ECF No. 25 at 2-5.) Judge Cobb next recommends Plaintiff's Complaint be dismissed with leave to amend, after walking through each of Plaintiff's claims. (*Id.* at 4-19.) Judge Cobb then recommends denying Plaintiff's TRO Motion because the allegations in it do not appear connected to the threadbare allegations in his Complaint, and do not connect the alleged misconduct to any particular defendants. (*Id.* at 19-21.) Judge Cobb finally recommends granting Plaintiff's request for copies of his legal documents by sending him a copy of his Complaint. (*Id.* at 21.) Having reviewed the R&R, the Complaint, and the other motions Plaintiff filed, the Court agrees with Judge Cobb.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 25) is accepted and adopted in full.

It is further ordered that Plaintiff's IFP application (ECF No. 22) is granted. However, Plaintiff is required to pay, through WCDF, an initial partial filing fee in the amount of $8.86 within 30 days of date of entry of this order. Thereafter, whenever his prison account exceeds $10, Plaintiff is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350

filing fee is paid. This is required even if this action is dismissed or is otherwise unsuccessful.

The Clerk of Court is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Washoe County Detention Facility: 911 East Parr Blvd., Reno, NV, 89512.

It is further ordered that Plaintiff's Complaint (ECF No. 5) is dismissed, in its entirety, with leave to amend.

It is further ordered that Plaintiff has 30 days from the date of entry of this order to file an amended complaint. The amended complaint must be complete in and of itself without referring to, or incorporating by reference, any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forward in the amended complaint will no longer be before the Court. Plaintiff must also clearly title the amended pleading "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within 30 days, the Court will dismiss this action with prejudice.

It is further ordered that Plaintiff's TRO Motion (ECF No. 23) is denied.

It is further ordered that Plaintiff's request for copies of his legal documents (ECF No. 24) is granted to the extent that the Court directs the Clerk of Court to send Plaintiff a copy of his Complaint (ECF No. 5) filed in this action.

DATED THIS 31st day of July 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE