1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JASON MARCUS JONES,

                           Plaintiff,

    v.

CHIEF OF POLICE, *et al.*,

                         Defendants.

Case No. 3:19-cv-00650-MMD-WGC

ORDER

## I.    SUMMARY

*Pro se* Plaintiff Jason Marcus Jones, who is a pretrial detainee at the Washoe County Detention Facility ("WCDF"), brings this action under 42 U.S.C. § 1983. (ECF No. 27.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate William G. Cobb (ECF No. 28), recommending the Court allow certain of Plaintiff's claims in his First Amended Complaint (ECF No. 27 ("FAC")) to proceed, and dismiss certain other claims. Also before the Court is Plaintiff's motion for a temporary restraining order ("TRO Motion").[1] (ECF No. 29.) Plaintiff filed an objection to the R&R. (ECF No. 32 ("Objection").) Because the Court mostly agrees with Judge Cobb's screening analysis of Plaintiff's FAC, but also agrees with Plaintiff's argument in his Objection that he included colorable allegations against Deputy Lewis—and as further explained below— the Court will accept in part, and reject in part, the R&R. The Court will also deny Plaintiff's TRO Motion because Plaintiff has not demonstrated entitlement to the extraordinary remedy of a temporary restraining order.

---

[1]As of the date of entry of this order, Plaintiff has two other pending motions: for appointment of counsel; and for copies of his medical and other records. (ECF Nos. 30, 31.) Judge Cobb will address those motions in a subsequent order or orders. The Court does not address them in this order.

## II.      BACKGROUND

The Court incorporates by reference Judge Cobb's recitation of Plaintiff's allegations in the FAC provided in the R&R, which the Court adopts. (ECF No. 28 at 3-6.)

## III.      LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection. (ECF No. 32.)

## IV.      DISCUSSION

The Court first addresses Plaintiff's argument in his Objection regarding Deputy Lewis, then the remainder of his arguments in his Objection, and then his TRO Motion. With the exception of the Deputy Lewis issue discussed immediately below, the Court finds Judge Cobb's R&R thorough and well-reasoned. The Court will therefore adopt Judge Cobb's R&R nearly in full, except it will also let Plaintiff proceed with a First Amendment retaliation claim against Deputy Lewis.

### A.      Deputy Lewis

Judge Cobb recommends dismissing Deputy C. Lewis from this case because there are no allegations about him in the FAC. (ECF No. 28 at 20.) Plaintiff objects to this recommendation because he did include allegations about Deputy Lewis in his FAC—on page three of 37 at numeral seven. (ECF No. 32 at 1-2.) Sure enough, on the page of the FAC referenced in his Objection, Plaintiff wrote in pertinent part that Deputy Lewis:

> Disicreated [sic] my family Torah by un-wrapping it and tossing it around by cell and then locking me down for 24 hrs, because I complained about it.

(ECF No. 27 at 3.)

Liberally construed, the Court finds Plaintiff's referenced allegations—viewed in the context of the FAC—state a colorable retaliation claim. "A viable § 1983 claim of retaliation

2

for engaging in activity protected by the First Amendment in the prison context involves the following elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (citing *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)). Plaintiff appears to be alleging that Deputy Lewis retaliated against him for complaining about Deputy Lewis' treatment of Plaintiff's Torah. (ECF No. 27 at 3.) The Court more specifically construes Plaintiff's attempted complaint to Deputy Lewis as his protected action, and the lockdown imposed by Deputy Lewis as the adverse action. *See Jones*, 791 F.3d at 1035. A 24-hour lockdown could chill or silence a person from engaging in protected activities in the future. *See id.* Locking down Plaintiff for complaining about Deputy Lewis' treatment of his Torah also does not appear to advance a legitimate correctional goal. *See id.* Thus, the Court will allow Plaintiff to proceed on his First Amendment retaliation claim against Deputy Lewis, along with the other claims Judge Cobb recommends the Court allow to proceed.

### B.    Other Arguments in Objection

But the Court finds Plaintiff's remaining arguments raised in his Objection unpersuasive. The Court briefly addresses them here.

Plaintiff first argues the Court should not dismiss L. Sheriff Darin Balaam from this case, as Judge Cobb recommends, because he "has allowed his subordonated [sic] to act under his guidance and lack of training to violate my constitutional rights…" (ECF No. 32 at 1.) The Court overrules this objection because there is no vicarious liability in cases brought under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has not alleged or argued anything more than L. Sheriff Darin Balaam's vicarious liability in either his FAC or his Objection. (ECF Nos. 27, 32.) The Court

1  thus agrees with Judge Cobb that Defendant L. Sheriff Darin Balaam should be dismissed

2  from this case.

3      Plaintiff next includes some allegations in his Objection that are already addressed

4  in the R&R. (ECF No. 32 at 2:10-3:6.) But in pertinent part, Judge Cobb recommends the

5  bulk of Plaintiff's claims based on these allegations proceed. (ECF No. 28 at 13-15.) As

6  the Court will adopt Judge Cobb's recommendation, and Plaintiff will therefore be able to

7  proceed on these allegations, the Court overrules Plaintiff's objection (ECF No. 32 at 2:10-

8  3:6) regarding his medical treatment at WCDF.

9      Plaintiff next includes in his Objection some allegations about medical providers not

10  mentioned in his FAC. (*Compare* ECF No. 27 *with* ECF No. 32 at 3:7-20.) Specifically,

11  Plaintiff states that Nurses Linette and Jessica would not give him long-acting insulin called

12  'Landis,' and that Nurse Carly makes unprofessional remarks. (ECF No. 32 at 3:7-20.) But

13  because Plaintiff did not include these allegations in his FAC, the Court may not consider

14  them. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006)

15  (finding that the plaintiff did not provide adequate notice of additional allegations raised in

16  response to a motion for summary judgment, but never alleged in the complaint, and

17  noting that the plaintiff should have filed a motion for leave to file an amended complaint

18  if she wanted to proceed on those allegations). Plaintiff's Objection is thus also overruled

19  to the extent it is based on the actions of nurses Linette, Jessica, and Carly.

20      Finally, Plaintiff requests appointment of counsel and copies of his medical records

21  towards the end of his Objection. (ECF No. 32 at 3:23-4:9.) However, as mentioned *supra*,

22  Judge Cobb will address these requests in Plaintiff's substantially identical, pending

23  motions for appointment of counsel and copies of his medical records (ECF Nos. 30, 31)

24  in a subsequent order. In sum, the only argument in Plaintiff's Objection the Court finds

25  persuasive is that his FAC does include allegations about Deputy Lewis.

26      **C.    TRO Motion**

27      In his TRO Motion, Plaintiff states he was assaulted "4 different times 3 times in

28  one day on 4/18/20 by numerous deputys [sic] that are pending in case # 3:20-cv-00323-

4

1    JAD-WGC[,] and then again on 8/11 or 8/12 of his month by Deputy Lewis who's currently

2    in this law-suit for desacreationg [sic] by Torah & threating [sic] me." (ECF No. 29 at 1.)

3    While he concludes the TRO Motion by asking the Court to "grant this order[,]" he does

4    not specify what relief he seeks. (*Id.*)

5         Federal Rule of Civil Procedure 65 governs preliminary injunctions and TROs, and

6    requires that a motion for a TRO include "specific facts in an affidavit or a verified complaint

7    [that] clearly show that immediate and irreparable injury, loss, or damage will result to the

8    movant before the adverse party can be heard in opposition," as well as written certification

9    from the movant's attorney (here, *pro se* Plaintiff) stating, "any efforts made to give notice

10   and the reasons why it should not be required." Fed. R. Civ. P. 65(b). TROs are governed

11   by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator*

12   *Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) (citation

13   omitted). "A preliminary injunction is an extraordinary remedy never awarded as of right."

14   *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). But the

15   Court may issue a preliminary injunction or TRO if Plaintiff establishes: (1) likelihood of

16   success on the merits; (2) likelihood of irreparable harm in the absence of preliminary

17   relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the

18   public interest. *See id.* at 20.

19        Plaintiff has not satisfied the requirements for a TRO. First, he did not include an

20   affidavit or verified complaint with or as part of his TRO Motion, and did not state the harm

21   he will suffer in the absence of an injunction. *See* Fed. R. Civ. P. 65(b) (stating these

22   requirements to obtain a TRO). Second, because Plaintiff fails to identify the behavior that

23   he seeks to enjoin, it is not clear what irreparable harm, if any, would occur absent

24   preliminary injunctive relief. *See Winter*, 555 U.S. at 20 (stating this is one of four

25   requirements to obtain a preliminary injunction or TRO). Third, Plaintiff has not offered any

26   argument or evidence tending to show he is likely to prevail on the merits of his claims, or

27   why the balance of equities or the public interest favors granting his motion—indeed, in

28   the TRO Motion, he does not even specify what his claims are. *See id.* (specifying these

are the three other requirements). Fourth, to the extent Plaintiff seeks an injunction against parties to another case (3:20-cv-00323-JAD-WGC), he must seek injunctive relief in that case, not in this one. Fifth, and as stated *supra*, the Court will allow his retaliation claim against Deputy Lewis to proceed. In the absence of any explanation of what he would like to enjoin Deputy Lewis from doing, the fact Plaintiff's claim may proceed against him is sufficient to remedy whatever harm Deputy Lewis allegedly inflicted upon Plaintiff. In sum, the Court will deny the TRO Motion because Plaintiff has not satisfied the requirements for a TRO.

**V.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 32) to the Report and Recommendation of U.S. Magistrate Judge William G. Cobb is sustained in part, and overruled in part. The Report and Recommendation of U.S. Magistrate Judge William G. Cobb (ECF No. 28) is accepted in part, and rejected in part, as provided herein.

It is further ordered that Plaintiff's motion for temporary restraining order (ECF No. 29) is denied.

It is further ordered that Plaintiff may proceed on the following claims against the following parties, explained in more detail in the R&R and this order.

1.   The Fourth Amendment excessive force and denial of medical attention claims against Kinkaid and two John Doe RCSU members. Plaintiff may also proceed against the two John Doe RCSU officers once he has identified them, and within the parameters of any applicable scheduling order deadlines for amendment or addition of parties.

2.   The retaliation claim against Sergeant Andrew Barrett-Venn.

3.   The First Amendment retaliation claim against Deputy Lewis based on Plaintiff's

allegation that Deputy Lewis placed him in lockdown after Plaintiff complained to Deputy Lewis when Deputy Lewis unwrapped Plaintiff's Torah and threw it on the ground.

4.    The denial/delay of adequate medical care claim against Dr. Ivarte based on Plaintiff's allegations that his imaging needs were unnecessarily delayed and he has been denied/delayed care and appointments with specialists, as well as the denial/delay of medical care claim against Dr. Ivarte and Sergeant Barrett-Venn to the extent Plaintiff alleges they denied him necessary access to an ADA cell because he utilizes a walker.

5.    The First Amendment Free Exercise Clause claim against Chaplain J. Wynn based on allegations that Plaintiff was denied Kosher meals as well as Jewish services.

It is further ordered that the following claims and defendants are dismissed from this case.

1.    The Fifth Amendment *Miranda* and Fourteenth Amendment coercive interrogation claims with prejudice.

2.    The Fourteenth Amendment due process claims that Officer Stockwell and another officer stole his property with prejudice.

3.    The Fourteenth Amendment due process claim that an unidentified person at the jail threw away his book with prejudice.

4.    The Double Jeopardy claim with prejudice.

5.    The fabrication of evidence claim against Rasmussen, Kinkaid, Reza, Hanna, Franzwa, and an unidentified individual without prejudice.

6.    The Eighth Amendment Excessive Bail Clause claim with prejudice.

7.    NP Frank, Nurse Wendy, and unidentified Naphcare employees from Plaintiff's denial/delay of medical care claims without prejudice as there are no allegations connecting these defendants to any alleged unconstitutional conduct. Plaintiff may move to amend when he learns the identities and roles of these defendants, within the parameters of Federal Rule of Civil Procedure 15, and any applicable

7

scheduling order deadlines concerning amendment and adding parties.

8.    The Fourteenth Amendment equal protection claim with prejudice.

9.    The First Amendment Establishment Clause claim with prejudice.

10.    The Fourth Amendment unlawful seizure of Plaintiff's phone claim with prejudice.

11.    Chief Sato is also dismissed with prejudice as there are no allegations in the FAC that give rise to a constitutional claim against him, and Plaintiff has already been given leave to amend.

12.    L. Sheriff Darin Balaam is also dismissed with prejudice because Plaintiff's FAC lacks allegations he personally participated in any of Plaintiff's alleged constitutional violations, and Plaintiff has already been given leave to amend.

13.    Millard, Reed, Doyle and Gurd are also dismissed with prejudice as there are no allegations concerning these defendants in the FAC, and Plaintiff has already been given leave to amend.

The Clerk of Court is directed to issue summonses for each of the defendants against whom the Court has specified Plaintiff may proceed, and send the same to the U.S. Marshal.

The Clerk of Court is further directed to send sufficient copies of the FAC (ECF No. 27) and this order to the U.S. Marshal for service on the defendants against whom the Court has specified Plaintiff may proceed.

The Clerk of Court is further directed to send Plaintiff sufficient USM-285 forms.

It is further ordered that Plaintiff has 14 days to complete the USM-285 service forms and return them to the U.S. Marshal for service, 400 S. Virginia Street, 2nd Floor, Reno, Nevada 89501.

It is further ordered that, if Plaintiff fails to follow the instructions regarding service included above, the Court will dismiss un-served Defendants for failure to complete service of process under Federal Rule of Civil Procedure 4(m).

It is further ordered that, within 20 days of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, if any of the

defendants were not served, and if Plaintiff wants service to be attempted again, he must file a motion with the Court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted. The Court also reminds Plaintiff that, under Federal Rule of Civil Procedure 4(m), service must be completed within 90 days of the date of entry of this order.

It is further ordered that, if Plaintiff should require additional time to meet deadlines set by this Court, he must file a motion for an extension of time in accordance with Local Rule 26-3. If he requires an extension of time to effectuate service, the motion must be supported by good cause, and must be filed before the expiration of the 90-day period.

It is further ordered that Plaintiff must serve a copy of every pleading, motion or other document submitted for consideration by the Court upon Defendants or, if an appearance has been entered by counsel, upon the applicable attorney.

It is further ordered that Plaintiff must include with the original of each document he files with the Court a certificate stating that a true and correct copy of the document was mailed to the defendant or counsel.

It is further ordered that the Court may disregard any paper it receives from Plaintiff that has not been filed with the Clerk of Court, or that fails to include a certificate of service.

DATED THIS 29th Day of September 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

9